# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARRY VETERE and PAMELA VETERE,** | : |
| | :     **CIVIL ACTION NO. 3:12-1824** |
|     **Plaintiffs** | : |
|     v. | :     **(JUDGE MANNION)** |
| **KUNI M. HOLBERT,** | : |
| | : |
|     **Defendant** | |

## **MEMORANDUM AND ORDER**[1]

Presently before the court are two motions filed by the plaintiffs, a motion for sanctions, (Doc. No. 11), and a motion for mediation, (Doc. No. 26). Finding no extraordinary circumstances warrant the imposition of sanctions, the motion for sanctions will be denied. Finding that the conduct of the parties no longer indicates consent as to mediation, the motion for mediation will be denied as moot.

**I.  BACKGROUND**

The plaintiff initiated the instant action on September 11, 2012. (Doc. No. 1).  The plaintiffs argue that the defendant has improperly interfered with their ability to use a longstanding easement to access their lake-front property. The plaintiff's complaint contains causes of action for breach of the

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

deeded easement, trespass upon the easement and nuisance in addition to an action to quite title on alternative grounds of adverse possession, easement by prescription and easement by necessity. On October 17, 2012, the defendant filed an answer which included counterclaims for ejectment and trespass against the defendants alleging that the defendants were parking vehicles on and otherwise using the defendant's property. (Doc. No. 8). On November 7, 2012, the plaintiffs filed an answer to the counterclaims. (Doc. No. 10).

On December 6, 2012, the plaintiffs filed the instant motion for sanctions, (Doc. No. 11).[2] The plaintiffs argue that the defendant's counterclaims for ejectment and trespass, and the underlying argument that the plaintiffs have usurped some portion of the defendant's property are so utterly baseless that they should be dismissed and the defendant's counsel should be sanctioned under Federal Rule of Civil Procedure 11. The plaintiffs argue that the defendant has never contested possession of the "counterclaim" property before and that stakes left by the defendant's surveyors clearly indicate that the property line is not in dispute. On December 10, 2012, the defendant filed a brief in opposition to the motion for sanctions in which it explained that questions remain as to the proper starting

---

[2] The plaintiffs also filed an emergency motion for a temporary restraining order on December 6, 2012, (Doc. No. 12). The motion was eventually withdrawn, (Docs. No. 25, 27).

2

point of the survey in addition to outlining counsel's research and consultation with the defendant and his attempts to discuss the survey lines with plaintiffs' counsel. (Doc. No. 14). In a reply filed December 24, 2012, the plaintiffs argue that defendant improperly attempted to show that the plaintiffs had violated local rules of court by failing to meet with defendant's counsel. (Doc. No. 20).

On January 30, 2013, the plaintiffs filed the instant motion for mediation, (Doc. No. 26). On May 22, 2013, the plaintiffs filed a motion for preliminary injunction, (Doc. No. 33), which is not yet ripe for review. The disposition of that motion have no effect on the currently pending motions.

## II. DISCUSSION

### A. Motion for Sanctions

In their motion for sanctions, the plaintiffs argue that the defendant's counterclaims are baseless and, as such, should be dismissed and counsel for the defendant sanctioned pursuant to Federal Rule of Civil Procedure 11. Rule 11(b) reads, in pertinent part:

> [A]n attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances...it is not being presented for any improper purpose...the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law...the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery...

Fed. R. Civ. P. 11(b). The Third Circuit has noted that "[f]ormulating a rule

3

broad enough to curb abusive litigation tactics and misuse of the court's process but yet not so sweeping as to hinder zealous advocacy was obviously a formidable task." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987); *see also Cvetko v. Derry Twp. Police Dep't*, 2010 WL 3338256 (M.D. Pa. Aug. 24, 2010). The Third Circuit found that Rule 11 imposes an obligation on attorneys to "Stop, Think, Investigate and Research" before filing litigation documents. *Id.* The court cautioned, however, that "that Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation. Rule 11 is intended for only exceptional circumstances." *Id.* at 483.(internal quotation omitted).

The court finds no extraordinary circumstances warranting the imposition of sanctions at this stage of the proceedings. Counsel for the defendant has indicated that he conferred with the defendant and her son regarding the dispute as well as consulting maps and two surveys which appear to be contradictory in at least some respects. Regardless of these efforts to "stop, think, investigate and research," the plaintiffs argue that the position advanced by the plaintiff is inconceivable based on prior acts by the defendant. Such challenges, however, are appropriate as part of an attack on the merits of the counterclaims and therefore do not approach the extraordinary level necessary for the court to impose sanctions. In addition, to the extent counsel for the parties dispute the adherence to local rules and obligations to meet in person, the court finds these arguments to be largely

4

moot. During the status conference held on March 31, 2013, the plaintiffs' newly retained counsel and defense counsel affirmed to the court a commitment to eliminate such accusations between counsel in an effort to ensure the efficient resolution of this matter. As such, the court will dismiss the plaintiff's motion, finding no grounds for sanctions based the current record.

### B. Motion for Mediation

The plaintiffs filed their motion for mediation on January 20, 2013, (Doc. No. 26). Although it indicated that the defendant shared a desire to attempt mediation, no certificate of concurrence was filed with the motion. During the status conference held March 21, 2013, the parties against indicated their desire to attempt mediation. In an order issued the same date, the court directed the parties to file a joint status memorandum on or before April 22, 2013 indicating whether they had been able to agree on a private mediator or otherwise resolve the dispute. (Doc. No. 29). The parties did not file the required joint status report, but counsel informed the court via telephone that attempts to mediate were unsuccessful. Moreover, on May 22, 2013, the plaintiff filed a motion for preliminary injunction. (Doc. No. 33). It is clear to the court that any concurrence regarding mediation that may have existed at the time the motion was filed has since abated. It is evident from the failure of recent attempts to mediate and the filing of the plaintiff's renewed motion for a preliminary injunction that mediation is not actively sought at this juncture.

As such, the court will deny the motion subject to refiling jointly should the parties wish to pursue mediation again in the future.

**THEREFORE, IT IS HEREBY ORDERED THAT**:

**(1)** The plaintiff's motion for sanctions, (Doc. No. 11), is **DENIED**;

**(2)** The plaintiff's motion for mediation, (Doc. No. 26), is **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: June 7, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-1824-01.wpd