# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY VETERE and PAMELA VETERE, | : |
| | : |
| Plaintiffs | CIVIL ACTION NO. 3:12-1824 |
| | : |
| v | |
| | :   (JUDGE MANNION) |
| KUNI M. HOLBERT, | |
| | : |
| Defendant | |

## MEMORANDUM

Presently before the court is the plaintiffs' motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65. (Doc. No. 33).

## I. BACKGROUND

Given the nature of this motion, the court will only address the necessary facts. This case is essentially a land dispute between neighbors. The plaintiffs, Barry and Pamela Vetere, brought suit against the defendant, Kuni M. Holbert, over a parcel of the land ("the disputed property") that abuts both parties' properties. (Doc. No. 1). All of the land was once part of a single plot that was sold out in parcels starting in 1917, when the defendant's predecessor-in-title purchased part of the land. (Id., ¶8). In 1919, a second parcel was sold to the plaintiff's predecessor-in-title. (Id., ¶9) The 1919 deed contained a right of way, allowing travel from what is known as "the farm road" to the property over the adjacent lot, which is now the defendant's land. (Id.) The defendant came into possession of his property in 1964. (Id., ¶9). The

1964 deed contained a provision maintaining a right of way over his property for parcels not abutting the farm road. (Id.). In 1991, the plaintiffs purchased their property from the decedents of the 1919 purchaser. (Id., ¶10).

A brief description of the properties will be helpful to clarify the issues. The plaintiffs' property fronts Lake Shehawken on the southern end and the disputed property on the northern end. (Doc. No. 12, Exh. D). The disputed property is a narrow strip of land that divides the plaintiffs' property from the defendant's property. (Id.). The disputed property does not actually abut the farm road, as the defendant's land extends over and along both sides of the farm road. (Id.).

For many years, the parties had no quarrels and plaintiffs crossed both the defendant's land and the disputed property to gain access to their plot. Recently, plaintiffs allege that the defendant has built a fence on the disputed property, partially obstructing their right of way and also encroaching on their property. (Doc. No. 34). The plaintiffs further claim that the defendant has erected "no trespassing" signs on the disputed property, has parked a pick-up truck near the new fence making access to the plaintiffs' property somewhat more difficult, and has told plaintiffs' contractors not to park on the disputed property. (Id.). As a result, the plaintiffs' caretaker was unable to park in the area on at least one occasion. (Id.). Plaintiffs also allege that their plumber and emergency vehicles will be unable to access the land. (Id.). The parties have attached several photographs depicting the fence and the no

trespassing signs. (Doc. No. 12, Exh. G, H; Doc. No. 38, Att. 3).

**II. PROCEDURAL HISTORY**

This case commenced on September 11, 2012, when the plaintiffs filed their complaint. (Doc. No. 1). The complaint alleges six causes of action: (1) breach of deeded easement; (2) action to quiet title by adverse possession; (3) action to quiet title by prescriptive easement; (4) action to quiet title through easement by necessity; (5) trespass upon easement; and (6) nuisance. (Id.). The defendant filed his answer on October 17, 2012, making counterclaims of ejectment and trespass against the plaintiffs. (Doc. No. 8). The plaintiffs' instant motion for a preliminary injunction was filed on May 22, 2013, (Doc. No. 33), and they filed a brief in support on June 4, 2012. (Doc. No. 34). The defendant filed his brief in opposition on June 18, 2013. (Doc. No. 38). The case is now ripe for the court's decision.

**III. STANDARD OF REVIEW**

"The purpose of a preliminary injunction is to prevent irreparable injury or gross injustice by preserving the status quo as it exists or as it previously existed before the acts complained of in the complaint." *Ambrogi v. Reber,* 932 A.2d 969, 974 (Pa. Super. 2007). A preliminary injunction is an "extraordinary" remedy "that should not be issued unless the moving party's right to relief is clear and the wrong to be remedied is manifest." *Id.* (citing

3

*Anchel v. Shea*, 762 A.2d 346, 351 (Pa. Super. 2000)).

"The burden is on the party seeking injunctive relief to establish the essential prerequisites necessary for the grant of such relief." *Free Speech, LLC v. Philadelphia*, 884 A.2d 966, 970 (Pa. Comm. Ct. 2005). The moving party must demonstrate six elements to meet the high burden required for the issuance of a preliminary injunction. *Summit Towne Centre, Inc. v. Shoe Show of Rocky Mountain, Inc.*, 828 A.2d 995, 1001 (Pa. 2003). The moving party must show: (1) "immediate and irreparable harm that cannot be adequately compensated by damages;" (2) that greater injury would result from not granting the injunction and the issuance will not substantially harm other interested parties; (3) the injunction will restore the "status quo" as it existed before the harm; (4) that the party has an actionable claim, a clear right to recovery, and a meritorious case; (5) that the injunction is "reasonably suited to abade the offending party;" and (6) that the injunction will not adversely affect public interests. *Id*. (citations omitted). Missing any one of the elements is fatal and will preclude the court from issuing an injunction. *Id.* (citing *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1281-82 (Pa. 1992)).

**IV. DISCUSSION**

Turning to the first element, Pennsylvania courts have held that the initial "immediate and irreparable harm" requirement is satisfied when the

4

serious and significant injury cannot be compensated by money damages. *Citizens Bank of Pennsylvania v. Myers*, 872 A.2d 827, 836 (Pa. Super. 2005). In *Myers*, the Pennsylvania Superior Court determined that an injunction was warranted when the nearly insolvent defendants had accounts that held the money stolen from the plaintiff. *Id.* In affirming the injunction, the court determined "there is a reasonable likelihood that absent an injunction, the assets will simply disappear or be dissipated," thereby causing immediate harm to the plaintiff's right to recovery. *Id.* In *Duquesne Light Co. v. Longue Vue Club*, the same court affirmed a preliminary injunction requiring a country club to grant a power company access to the club's property to replace power lines. 63 A.3d 270, 277 (Pa. Super. 2013). The electric company noted that the lines were in serious need of replacement and could overload in the event of a line failure. Id. at 276-77. The credible, but not yet realized threat of a significant and costly power failure was sufficient to meet the "immediate and irreparable harm" requirement. *Id.* at 277. Finally, in *Keen v. Philadelphia*, the Pennsylvania Commonwealth Court dissolved a preliminary injunction, determining that plaintiff's withholding of a police officer's salary pending an investigation was insufficient to satisfy the immediate and irreparable harm standard. 555 A.2d 962, 965 (Pa. Comm. Ct. 1989). The plaintiff had a right to pursue "reinstatement, back pay, and damages" at the close of the pending case. *Id.*

As the *Myers*, *Duquesne*, and *Keen* cases all demonstrate, the harm

must be of a unique nature that would cause damages that are nearly impossible to calculate or remedy. The plaintiffs argue the defendant's actions have caused them injury and that "an assessment of damages is difficult if not impossible." (Doc. No. 33). There is no allegation that the plaintiff's have been fully ejected from their property, only that access is less convenient now that a fence has been erected. (Id.). The photographs submitted by the plaintiffs show vehicles can access the property, (Doc. No. 12; Exh. C), and the defendant's photos show that large vehicles, such as a tanker truck and fire truck, can maneuver through the area. (Doc. No. 38, Att. 3). Further, any additional costs from requiring contractors or employees to engage in supplemental labor can be remedied through money damages. *See Keen, 555 A.2d at 645*. This is not a case where the injunction would prevent the potential failure of a power grid or avert the loss of stolen funds, both extremely serious losses. Granting the injunction to remedy what is essentially an increased level of inconvenience would not prevent "irreparable injury or gross injustice." *Reber, 932 A.2d at 974*.

Therefore, the plaintiffs have failed to meet their burden of showing immediate and irreparable harm. As that element is necessary and essential, the injunction must be denied.

## V. CONCLUSION

For the foregoing reasons, the plaintiffs motion for a preliminary injunction is **DENIED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: October 31, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-1824-02.wpd